

ORDERED in the Southern District of Florida on September 6, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:                              CASE NO. 13-18030-LMI
JESUS M. ALVAREZ                               CHAPTER 13
TERESA ALVAREZ
      Debtor,
_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY ESPLANADE PATIO HOMES
ASSOCIATION, INC D.E. 43

THIS CASE came to be heard on August 13, 2013, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by Esplanade Patio Homes Association, Inc.* (D.E. #43; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of Debtors' real property (the "Real Property") located at 7963 NW 188 Lane, Hialeah, FL 33015 more particularly described as

**LEGAL DESCRIPTION: LOT 35, BLOCK 4, OF WEST ESPLANADE, ACCORING TO THE MAP OR PLAT THEREOF RECORDED IN PLAT BOOK 137, PAGE 95 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

is $215,000.00 at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of ESPLANADE PATIO HOMES ASSOCIATION, INC (the "Association") is $453,518.00.

C.  The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Association has an allowed secured claim of $0.00.

3.  Because Association's secured interest in the Real Property is $0, Association's Assessment Lien Rights prior to the filing of the Debtor's bankruptcy petition pursuant to certain Declaration for Declaration for Esplanade Patio Homes Association, Inc. (to date, the lien has not been recorded, although the proof of claim (POC #3-1) suggests the Association possess a lien) of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's Assessment Lien Rights will no longer be considered void and shall be restored as a lien on the Real Property.

4. Association has filed proof of claim in this case (3-1). It shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim in the amount of $2,740, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.